IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**HONORABLE A. BRUCE CAMPBELL**

In re:                                          )
CLARENCE BERNARD CONLEY                         ) Case No 10-12949 ABC
PAMELA (NMN) CARROLL                            ) Chapter 13
        Debtors.                                )

### ORDER DENYING DEBTORS' THIRD
### MOTION FOR POSTCONFIRMATION MODIFICATION

Before the Court are the Debtors' Motion to Confirm Third Modified Chapter 13 Plan at Docket #90 ("Motion"); Third Motion for Post-Confirmation Modification of Plan at Docket # 84 ("Third Motion"); and Debtors' Third Modified Plan at Docket #83 ("Third Modified Plan"). Debtors sought in their Second Modified Plan to surrender a vehicle to WFS/Wachovia Dealer Services ("WFS"). On August 30, 2013, this Court issued an Order Denying Motion to Modify at Docket #82 ("Order"). The Order concluded that the Court could not approve a modified plan which proposed to redetermine the secured claim of a creditor (based on further depreciated value of the collateral) whose secured claim was determined at the time of confirmation.

Debtors' plan which was confirmed (Docket #29) ("Confirmed Plan") bifurcated the allowed claim of WFS into secured and unsecured portions using section 506(a). WFS' allowed secured claim was determined to be $7,350.00, and Debtors proposed to pay WFS that amount at 6% (total amount to be paid: $7,834) over the life of their plan. Debtors scheduled the debt owed to WFS at $9,024. In addition, Debtors paid WFS adequate protection payments in the amount of $67 per month until it would be paid regular payments under the plan, 14 months later.

Approximately three years later, on June 3, 2013, Debtors filed their Second Modified Plan and Motion to Modify seeking to surrender the vehicle to WFS. In one part of the Second Modified Plan, Debtors proposed to limit payment to WFS on its allowed secured claim to $2,729 which is the amount to that date which Debtors had paid WFS under the confirmed plan. That amount is approximately $4,600.00 less than the amount of the allowed secured claim. In another section of the Second Modified Plan, Debtors proposed to surrender the vehicle to WFS and limit distribution to WFS unless it filed a proof of claim or an amended proof of claim which takes into account the surrender of the property.

The effect of what Debtors proposed in the Second Modified Plan was to rebifurcate the allowed secured claim of WFS. Such a proposal is contrary to the provision of their confirmed plan to which Debtors are bound, thus, the Court denied Debtors' Second Motion to Modify.

Thereafter, Debtors filed their Third Motion and Third Modified Plan. Debtors point to the fact that WFS filed an amended proof of claim on June 19, 2013 to take into account the amount it recovered from the liquidation of the vehicle. Its amended proof of claim provides as follows:

| | |
|---|---|
| Balance as of the date of the Petition: | $ 8,059.52 |
| Post Petition Principal Paid: | $ 2,728.02 |
| Remaining Balance: | $ 5,331.50 |
| Collateral Sale Amount (sold 5/29/13) | $ 3,300.00 |
| Deficiency Balance: | $ 2,031.50 |

Debtors assert that because WFS has voluntarily amended its proof of claim and has not asserted a secured claim, it has elected to be treated as wholly unsecured. The record reflects, however, that WFS filed its Amended Proof of Claim shortly after Debtors filed their Second Modified Plan, and before the Court's Order denying the Second Motion to Modify. That Modified Plan, had it been approved, would have required WFS to file its claim as it did in order to receive any distribution. Whether WFS filing of its amended proof of claim can be construed as any kind of election, need not be decided. The amended proof of claim is simply not determinative of the amount of WFS's allowed secured claim in this context.

Critical to this Court's decision on the Second Modified Plan and what again drives this Court in its conclusion as to Debtors' Motion, Third Motion and Third Modified Plan is that Debtors are bound to the terms of their confirmed plan. 11 U.S.C. § 1327(a). That confirmed plan arrived at the amount of the allowed secured claim payable to WFS, and it is that amount which must be paid to WFS on account of its allowed secured claim.

Certainly, the Debtors' confirmed plan may be modified now to take account of the proceeds from the liquidation of the collateral ($3,300) and what Debtors have already paid WFS through their confirmed plan ($2,728). That results in an outstanding balance on the original $7350 allowed secured claim in the amount of $1,322. That amount must be paid by Debtors in any modified plan because Debtors became bound to pay the entire allowed secured claim when their plan was originally confirmed. 11 U.S.C. §§ 1325(a)(5) and 1327(a). In order to do this, Debtors *may possibly* qualify to modify plan payments under section 1329(a), thereby reducing payments that would otherwise go the general creditors. But, Debtors may not, pursuant to the terms of section 1329(a), seek to recharacterize or "rebifurcate" WFS's allowed secured claim and treat a portion of it as an unsecured claim. Section 1329(a) simply does not permit any such postconfirmation modification.

This Court's conclusion herein is consistent with the decision of the Sixth Circuit Court of Appeals, *In re Nolan*, 232 F.3d 528 (6th Cir. 2000), upon which this Court grounded its decisions cited in the Order. It is consistent with this Court's other decisions issued to date. See *e.g.*, *In re Kurtz*, 502 B.R. 238 (Bankr. D. Colo. 2013). Accordingly, it is

ORDERED that Debtors' Motion and Third Motion are DENIED; and it is

FURTHER ORDERED that approval of Debtors' Third Modified Plan is DENIED, without prejudice.

DATED: January 14, 2014          BY THE COURT:

A. Bruce Campbell
United States Bankruptcy Judge